THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JONEL DAPHNIS, M.D., and MELANIN BODY PHYSICIANS, LLC, )<br>Plaintiffs, )<br>v. )<br>)<br>KEVIN WEAVER and TEAM LOCUMS, LLC, )<br>Defendant. ) | Civil Case No. |

_____

PLAINTIFFS' JONEL DAPHNIS, MD. AND MELANIN BODY PHYSICIANS, LLC's APPLICATION TO CONFIRM DOMESTIC ARBITRATION AWARD
_____

COMES NOW, Plaintiffs, by and through their undersigned counsel The Law Office of Paige J. Lockett, PLLC, Paige J. Lockett, Esq. of counsel and does now respectfully move this Honorable Court confirm the domestic arbitration award in this case and for an ORDER pursuant to the Federal Arbitration Act, Title 9 USC Section 1 et seq. confirming and adjudging JONEL DAPHNIS and MELANIN BODY PHYSICIANS, LLC the prevailing party and that judgment entered against Defendants KEVIN WEAVER and TEAM LOCUMS, LLC under the binding arbitration award from the American Arbitration Association, Case Number 01-20-0015-7152, for $75,541.04, plus an additional amount of $3,370.00 for attorney fees and $6,000.00 for arbitration administrative fees and expenses.

A. INTRODUCTION

1. The plaintiffs are Melanin Body Physicians, LLC and Jonel Daphnis, MD owner. The defendants are Team Locums, LLC and Kevin Weaver, owner.

2. The Plaintiffs submitted the dispute to the American Arbitration Association (AAA) for arbitration pursuant to the binding arbitration clause within Provision 6 under the Locum Tenens Provider Agreement (EXHIBIT 1). On April 23, 2021, an arbitration hearing was held via Zoom in Houston, Texas. On June 2, 2021, the arbitrator, Hon. Josefina M. Rendon issued an award in favor of Plaintiff and against the

      Defendants jointly and severally in the total amount of $84,911.04 (EXHIBIT 2).

3.     Plaintiffs file this Application to confirm the domestic arbitration award.

### B.     STANDARD OF REVIEW

4.     A Court's review of the arbitration process is severely limited. *United Paperworkers International Union v. Misco, Inc.,* 484 US 29, 36-38 (1987); *Wonderland Greyhound Park, Inc. v. Autotoe Sys., Inc.,* 274 F.3d 34, 35 (1 St. Cir. 2001). A Court is not free to vacate an award because it views the case's merits differently, nor may it overrule an arbitration decision because it finds an error of law. *See W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 US 757, 764 (1983); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 US 593, 599 (1960). In this regard, it is the award, rather than the specific reasoning employed, that a court must review. *Schlesinger v. Building Service Employees International Union, Local 252,* 367 F. Supp. 760, 764 (ED Pa. 1973); *American Can Co. v. United Papermakers and Paperworkers, AFL-CIO,* 356 F. Supp. 495-500 (ED Pa. 1973).

5.     A court may only vacate an arbitrator's award in the rare circumstances when an arbitrator has gone beyond the scope of his arbitral authority, when there is misconduct on the part of the arbitrator, or when the award was made in manifest disregard of the law. 9 USCA § 10. The Court need only consider whether, for some reason outside of the arbitration agreement, the arbitrator's decision is "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *See International Union of Electrical, Radio and Machine Workers, AFL-CIO v. Peerless Pressed Metal Corp.,* 489 F.2d 768, 769 (1st Cir. 1973), Quoting *Safeway Stores v. Bakery Workers Local 111,* 390 F.2d 79, 82 (5th Cir. 1968).

### C.     JURISDICTION

6.     Under the Federal Arbitration Act, any party to an arbitration can confirm an award made in a US arbitration proceeding. *See* 9 USC §9. Here, the arbitration and the final arbitration award were rendered in Houston, Texas. Therefore, under 9 USC § 9, this Court has jurisdiction to confirm an award made under the arbitration proceeding.

7.     An application to confirm a domestic arbitration award can only be brought in a district court if there is an independent ground for subject-matter jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.*, 460 US 1, 25 n.32 (1983); *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 140 (2d Cir.2002). An independent ground for subject-matter jurisdiction exists when a complaint establishes federal-question or diversity jurisdiction. Generally, diversity jurisdiction requires two conditions to be met: first, there must be "diversity of citizenship" between the parties, meaning plaintiffs and defendants must be citizens of different states; and second, the amount in controversy must be more than $75,000.00. Here, diversity of citizenship exists between the parties because the Defendants are Texas citizens and incorporated in the State of Texas, while the Plaintiff is a Louisiana citizen. In addition, the amount in controversy awarded to Plaintiffs under the final arbitration award is $84,911.00. Therefore, this Honorable Court has subject matter jurisdiction over this claim because there is diverse jurisdiction under subject-matter jurisdiction.

### D.     VENUE

8. An application to confirm a domestic arbitration award can be brought in the district specified in the agreement, in the district where the award was made, or in any proper district under the general venue statute. *See* 9 USC § 9; 28 USC § 1391; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 US 193, 195 (2000)*; BNSF Ry. V. Alstrom Transp.,* 777 F.3d 785, 791 (5th Cir.2015). According to 9 USC § 9, if no court is specified in the agreement, a party may bring the application to confirm in the district court within which the award was made. Here, the arbitration and the final arbitration award were rendered in Houston, Texas. Accordingly, the final arbitration award was rendered in Houston, Texas. The arbitration agreement between the parties does not specify a court for the proper venue (EXHIBIT 1). Therefore, Houston, Texas, is the proper venue under 9 USC.

### E.     ARGUMENT

9. On a timely filed application to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. 9 USC § 9, 13; *See Booth v. Hume Publ'g, Inc.,* 902 F.2d 925, 932 (11th Cir. 1990).

10. An application to confirm a domestic arbitration award must be filed within one year after the award is made. 9 USC § 9. An application to modify, correct, or vacate a domestic arbitration award must be made within three months after the award is filed or delivered. 9 U.S.C. § 12; *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 174-75 (2d Cir. 1984). In this case, the award was issued on June 2, 2021, Plaintiffs filed this

application on October 1, 2021, and Defendants have not applied to modify, correct, or vacate the award. Therefore, the Plaintiffs timely files this application, and any future applications to modify, correct, or vacate the arbitration award are untimely, *RGA Reinsurance Co. v. Ulico Cas. Co.,* 355 F.3d 1136, 1139-40 (8th Cir. 2004); *Taylor v. Nelson,* 788 F. 2d 220, 225 (4th Cir. 1986).

11. An arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award. 9 USC § 9. In this case, the parties entered into an arbitration agreement on March 31, 2017. A copy of the arbitration agreement is attached and at Provision 6 (EXHIBIT 1). The arbitrator issued the final award on June 2, 2021, and the Plaintiffs now file this application. A copy of the final award of the arbitrator is attached hereto (EXHIBIT 2). The arbitration award grants the Plaintiffs a monetary judgment against Defendants jointly and severally in the sum of $84,911.04.

12. There are no grounds for modifying, correcting, or vacating the award in this case, and the arbitrator's decision and award are correct. *See* 9 USC § 9.

13. The Court must confirm the arbitration award in this case because this application and proper attachments have been filed, and there are no grounds for modifying, correcting, or vacating the award. *See* 9 USC §§ 9, 13.

### F. ATTACHMENTS

14. The Plaintiffs note that under the arbitration proceeding, there was no selection or appointment of an additional arbitrator or umpire, no written extension of the time to make the award, and no notice, affidavit, or other paper used in an application to confirm, modify, or correct the award or a copy of each court order ruling on the application. *See,* 9 U.S.C. § 13. In support of this application to confirm, Plaintiffs include documents in the attached appendix, hereby incorporated by reference. *See,* 9 USC § 13. These documents include:

    a. The arbitration agreement dated March 31, 2017, by and between Kevin Weaver, owner of Team Locums, LLC, and Jonel Daphnis, owner of Melanin Body Physicians, LLC; and

    b. the final award of Honorable Josefina M. Rendon, arbitrator, dated June 2, 2021.

Plaintiffs request that the Court include the attached documents with its order confirming the arbitration award.

### G. CONCLUSION

15. Plaintiffs file this application for entry of judgment to confirm the domestic arbitration award issued on June 2, 2021. Accordingly, the final award is attached as EXHIBIT 2.

16. The arbitrator made a final arbitration award as to the claims brought by Plaintiffs Melanin Body Physicians, LLC and Jonel Daphnis, MD, owner against Defendants Team Locums, LLC and Kevin Weaver, owner for the total sum of $84,911.04, which award reflects a net amount taking into consideration all claims and expenses asserted.

17. For these reasons, the Plaintiffs request that the Court confirm the domestic arbitration award and enter judgment accordingly.

DATED:   October 14, 2021                                  Respectfully submitted,

BY:  *Paige J. Lockett*
Paige J. Lockett, Esq.
**THE LAW OFFICE OF PAIGE J. LOCKETT, PLLC**
*Attorney for Plaintiffs*
3003 South Loop West, Suite 400
Houston, Texas 77054
(713) 306-4292 Telephone
(713) 581-6582 Facsimile
paigelockett@pjlockettlaw.com

**Please Serve:**

Kevin Weaver and Team Locums, LLC
Through their Agent for Service of Process:
Diana Littlejohn
4027 Fairway Drive
Granbury, Texas 76049-5302